UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FEDERAL INSURANCE CO., as subrogee of
CLARA WELCH, THANKSGIVING HOME, INC.,

                      **Plaintiff,**

                      v.                      5:04-CV-183
                                            (FJS/GJD)

U.S. DISTRIBUTING INC.; SUNDOG
CONSTRUCTION SERVICES, INC.; ANDREW R.
MANCINI ASSOCIATES, INC.; PELBRO, INC.,
 d/b/a ROCHESTER LINOLEUM & TILE CENTER;
 and FLOWER CITY CUSTOM CARPET,

                      **Defendants.**
_____
_____

PELBRO, INC., d/b/a ROCHESTER LINOLEUM &
TILE CENTER; and FLOWER CITY CUSTOM
CARPET,

                      **Third-party Plaintiffs,**

                      v.

THE ST. PAUL TRAVELERS COMPANIES, INC.;
TRAVELERS PROPERTY CASUALTY COMPANY
 OF AMERICA; and TRAVELERS PROPERTY
CASUALTY CORPORATION,

                    **Third-party Defendants.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**CAMBS LAW FIRM, LLC**                    **PETER J. CAMBS, SR., ESQ.**
5701 West Genesee Street
Suite 100
Camillus, New York 13031-7200
Attorneys for Defendant and Third-party Plaintiff
Pelbro, Inc. d/b/a Rochester Linoleum & Tile Center

**PENNOCK, BREEDLOVE & NOLL, LLP**          **BRIAN BREEDLOVE, ESQ.**
1407 Route 9, Nine North
Building 4, 2nd Floor
Clifton Park, New York 12065
Attorneys for Defendant and Third-party Plaintiff
Flower City Custom Carpet

**COUGHLIN & GERHART, LLP**          **KEITH A. O'HARA, ESQ.**
20 Hawley Street
P.O. Box 2039
Binghamton, New York 13902-2039
Attorneys for Third-party Defendants The St. Paul
Travelers Companies, Inc., Travelers Property
Company of America, and Travelers Property
Casualty Corporation

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court are Third-party Defendants' (collectively referred to as "Travelers") motions to dismiss the third-party Complaints of Pelbro, Inc., d/b/a Rochester Linoleum & Tile Center ("Rochester") and Flower City Custom Carpet ("Flower City") for failure to state a cause of action upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

### II. BACKGROUND

On September 5, 2002, Clara Welch, Thanksgiving Home, Inc. ("Clara Welch"), Plaintiff

---

[1] The Court granted Third-party Defendant Travelers' request to address these motions together in light of their similarity. *See* Dkt. No. 107.

Federal Insurance Company's insured, contracted with Defendant Andrew R. Mancini Associates ("Mancini") as its general contractor to undertake an addition to and renovation of the Clara Welch Thanksgiving Home in Cooperstown, New York. Defendant Mancini subsequently subcontracted with Defendant Rochester to provide labor, materials, and equipment for the project. In turn, Defendant Rochester sub-subcontracted with Defendant Flower City to provide labor for the project.

During the course of the construction and renovation, Defendant Mancini procured propane space heaters for use inside the work area. Defendant U.S. Distributing, Inc. allegedly manufactured the heaters, and Defendant Sundog Construction Services, Inc. allegedly distributed them.

On March 26, 2003, a fire substantially destroyed the Clara Welch Thanksgiving Home. An investigator for the Otsego County Office of Emergency Services concluded that the fire probably started at or near the location of one the heaters.

As a result of the fire, Plaintiff Federal Insurance Company has made payments in excess of $2,000,000 to Clara Welch and may make additional payments in the future. It brought the underlying subrogation action seeking judgment jointly and severally against Defendants for an amount in excess of $6,000,000 and additional relief.[2]

---

[2] In the underlying dispute between Plaintiff and Defendants, the Court granted Defendants' motion for summary judgment in part and denied it in part. Accordingly, the following claims remain: (1) all claims against Defendants U.S. Distributing and Sundog, (2) claims against Defendants Rochester and Flower City for loss of use and consequential damages, and (3) claims against Defendant Mancini for loss of use and consequential damages attributable to gross negligence or code violations. *See* October 22, 2004 Memorandum-Decision and Order at 16 n.14.

Defendants Rochester and Flower City allege that Thomas Kinsley, an employee of one or more of the Travelers companies, was present at the scene of the fire on April 11, 2003, acting as Defendant Mancini's insurer. They further allege that the local fire inspector informed all the parties that the heater was the likely cause of the fire. Thereafter, on April 16, 2003, Defendants Rochester and Flower City assert that they entered into an oral agreement with Mr. Kinsley, on behalf of Travelers, to have him take possession of the suspect heater, keep it at Travelers' laboratory, and maintain the heater in its post-fire condition for later examination and testing. Sometime thereafter, Travelers allegedly disposed of the heater without notice.

Based on these allegations, Defendants Rochester and Flower City commenced a third-party action alleging causes of action against Travelers for the alleged spoliation of the heater based on principles of negligence and breach of contract.[3]

## III. DISCUSSION

**A.     Spoliation – based on negligence**

Third-party Defendants maintain that, under New York law, there is no cause of action for spoliation based on negligence pursuant to *MetLife Auto & Home v. Joe Basil Chevrolet, Inc.*, 1 N.Y.3d 478 (2004).

In *MetLife*, a fire destroyed a vehicle owned by Joe Basil Chevrolet and used by Michael

---

[3] Black's Law Dictionary defines spoliation as the intentional destruction, alteration, or concealment of evidence. *See Black's Law Dictionary* 659 (2d pocket ed. 2001). However, in practice, the term is given a broader meaning to include negligent destruction of evidence. The Court uses the term in the latter sense.

Basil. *See id.* at 481. Michael Basil's home was also extensively damaged. *See id.* MetLife insured Mr. Basil's home and paid on the policy. *See id.* Royal, Chevrolet's insurer, agreed in a telephone conversation to take possession of and preserve the vehicle. *See id.* Royal, MetLife, and General Motors arranged for a joint inspection of the vehicle at Royal's lot, but Royal disassembled the vehicle and discarded it before the inspection. *See id.* MetLife, as Michael Basil's subrogee, commenced an action against Chevrolet and General Motors based on the fire and also asserted a cause of action against Royal based on spoliation for negligently impairing its ability to recover from Chevrolet and General Motors. *See id.* Royal moved to dismiss MetLife's complaint due to failure to state a cognizable cause of action under New York law. *See id.*

The Appellate Division affirmed the Supreme Court's dismissal of the negligent spoliation claim because "no cause of action exists in New York for 'third-party spoliation' of evidence/impairment of claim or defense, either under the principles of negligence law or as an independent tort." *Id.* at 482. The Court of Appeals affirmed, stating that "[t]he primary issue here is whether New York State should recognize a cause of action for third-party negligent spoliation of evidence and impairment of a claim or defense as an independent tort. We decline to recognize it on these facts." *Id.* at 480-81. The *MetLife* court explained that

> [i]n this case it is clear that Royal had no duty to preserve the vehicle. There is no dispute that Royal owned the vehicle. Moreover, no relationship existed between MetLife and Royal that would give rise to such a duty. Additionally, MetLife made no effort to preserve the evidence by court order or written agreement. Although MetLife verbally requested the preservation of the vehicle, it never placed that request in writing or volunteered to cover the costs associated with preservation. The burden of forcing a party to preserve when it has no notice of an impending

-5-

> lawsuit, and the difficulty of assessing damages militate against
> establishing a cause of action for spoliation in this case, where
> there was no duty, court order, contract or special relationship.

*Id.* at 484.

Third-party Plaintiffs assert that the present dispute is distinguishable from *MetLife* because Third-party Defendant Travelers had notice of impending litigation concerning the fire by April 11, 2003, when county fire officials notified Mr. Kinsley that the heater was the likely cause of the fire (five days before Third-party Plaintiffs and Third-party Defendant reached an agreement under which Third-party Defendant Travelers removed the heater).

The law is clear that a party can be on notice of impending litigation prior to the filing of a complaint. *See Fada Indus., Inc. v. Falchi Bldg. Co., L.P.*, 189 Misc. 2d 1, 17 (N.Y. Sup. Ct. 2001) (citation omitted). Here, it is undisputed that all parties knew that the heater was the primarily suspected cause of the fire by April 11, 2003. Moreover, Third-party Plaintiffs Rochester and Flower City allege that litigation regarding responsibility for the fire was highly foreseeable and imminent at the time Third-party Defendant Travelers removed the heater on April 16, 2003. In addition, the *MetLife* court explicitly stated that it was limiting its denial of recognition for a cause of action for negligent spoliation to its facts and to situations where the spoliating party had no notice of an impending lawsuit. *See* 1 N.Y.3d at 484. Accordingly, the holding in *MetLife* is not dispositive of this issue.

The dicta in *Metlife*, however, is instructive. *MetLife*, in discussing negligent spoliation, contemplates four situations where a duty to preserve, and a corresponding cause of action may arise, two of which arguably apply to this case: (1) the existence of a duty; and (2) the existence

-6-

of a contract.[4]  *See id.*

Third-party Plaintiffs assert that Third-party Defendant Travelers was under a duty to preserve the heater for two reasons.  First, third-party Plaintiffs Rochester and Flower City contend that all parties knew that litigation was pending by April 11, 2003; and, since all parties knew that the heater was the primarily suspected cause of fire by that time, Third-party Defendant Travelers was aware of the heater's relevance, giving rise to a duty to preserve.  *See Fada Indus.*, 189 Misc. 2d at 17 ("It is well established that no duty to preserve arises unless the party possessing the evidence has notice of its relevance." (citation omitted)).  Second, Third-party Plaintiffs Rochester and Flower City allege that their agreement with Mr. Kinsley created a duty to preserve the heater.

Alternatively, Third-party Plaintiffs contend that a contract existed requiring Third-party Defendant Travelers to preserve the heater at its laboratory in its post-fire condition for later inspection and testing in exchange for allowing Third-party Defendant Travelers to take the heater to its facility.

---

[4] The other two exceptions are (1) a court order and (2) the existence of a special relationship.  *See Metlife*, 1 N.Y.3d at 484.  None of the parties claim that there was a court order mandating preservation of the heater.

Concerning the special relationship exception, the relevant cases recognize the existence of such relationships in limited circumstances: (1) insurer/insured, *see Fada Indus.*, 189 Misc. 2d at 12; (2) employer/employee, *see DiDomenico v. C & S Aeromatik Supplies, Inc.*, 252 A.D.2d 41, 53 (2d Dep't 1998); and perhaps (3) doctor/patient, *see Ortega v. City of N.Y.*, 11 Misc. 3d 848, 857 (N.Y. Sup. Ct. 2006).  It is unclear from the parties' submissions whether Defendant Mancini's insurance policy with Third-party Defendant Travelers covered subcontractors and sub-subcontractors.  If this were the case, a special relationship would arguably exist between Third-party Plaintiffs Rochester and Flower City and Third-party Defendant Travelers.  Otherwise, it would appear that no special relationship exists between these parties.

The Court also notes that public policy concerns favor recognizing negligent spoliation of evidence causes of action in situations like those present here. For instance, traditional sanctions for spoliation by a party to the litigation, including monetary sanctions, preclusion of evidence, and dismissal, would not be available when the alleged spoliator is a third-party which is otherwise uninvolved in the underlying dispute, such as Third-party Defendant Travelers in this case. Moreover, if the Court declined to recognize the negligent spoliation cause of action on the present facts, the relationship between Third-party Defendant Travelers and Defendant Mancini, as insurer and insured, could provide a shield by which Defendant Mancini would benefit from its insurer's destruction of evidence that might have enabled Third-party Plaintiffs Rochester and Flower City to pursue indemnity and contribution claims. Presumably, as Defendant Mancini's insurer, Third-party Defendant Travelers would also benefit.

Accordingly, for all the above-stated reasons, the Court **DENIES** Third-party Defendant Travelers' motions to dismiss Third-party Plaintiffs Rochester's and Flower City's negligent-spoliation-of-evidence claims.

### B.  Breach-of-contract

The *MetLife* court left open the question of whether a cause of action for spoliation can be based on contract principles. A Florida state appellate court, however, has recognized such a cause of action.

In *Miller v. Allstate Ins. Co.*, the District Court of Appeals for the Third District of Florida held that a contract cause of action based on spoliation could exist notwithstanding the

uncertainty of damages. *See* 573 So.2d 24, 27 (Fla. Dist. Ct. App. 1990). Relying on established case law, the court found "when the difficulty in establishing damages is caused by the defendant, he should bear the risk of uncertainty that his own wrong created." *Id.* at 28 (footnote omitted). The *Miller* court also recognized the "accepted principle of contract law" that recovery is allowed for loss of opportunity even where damages are uncertain. *See id.* at 29. Furthermore, "it is within the jury's province to determine the value of [the plaintiff's] lost chance or opportunity."[5] *Id.* at 30.

Moreover, public policy concerns support the *Miller* court's recognition of a contract-based cause of action for spoliation. As a general proposition, a remedy should accompany every wrong when practicable. *See Howard v. Lecher*, 42 N.Y.2d 109, 113 (1977); *Ortega v. City of N.Y.*, 11 Misc. 3d 848, 859 (N.Y. Sup. Ct. 2006) (citation omitted). Public interest favors enforcing private agreements between competent parties in the absence of fraud or other legal impediment: "when there is spoliation by a nonparty to the primary litigation, there may be no other available remedy to protect the truth seeking process." *Ortega*, 11 Misc. 3d at 858. The destruction of evidence before trial "'threatens the very integrity of our judicial system.'" *Id.* at 858-59 (quoting *Oliver v. Stimson Lbr. Co.*, 297 Mont[.] at 344-45, 993 P[.]2d at 17). Extending the *MetLife* prohibition to contract actions would leave "victims" of spoliation in a bleak situation where they have little hope of succeeding in litigation and no recourse against the party

---

[5] Additionally, the Supreme Court of Illinois has stated that "[c]ourts often direct parties desiring recognition of a new tort of spoliation towards other, traditional causes of actions and remedies." *Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 193 n.1 (1995) (citations omitted). Breach of contract is one such traditional cause of action.

who intentionally destroyed the evidence needed to proceed.[6]

Having recognized that a cause of action may exist for spoliation based upon contract, the Court finds that the present cause of action fits within the traditional breach-of-contract framework. The complaint in a breach-of-contract action must show (1) terms of an agreement; (2) consideration; (3) performance by the plaintiff; (4) breach by the defendant; and (5) damages. *See Furia v. Furia*, 116 A.D.2d 694, 695 (2d Dep't 1986); 22A N.Y. Jur. 2d *Contracts* § 432 (2006). Viewing the allegations as true and drawing all reasonable inferences in favor of Third-party Plaintiffs, *see Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999), their complaints sufficiently allege a prima facie case of breach of contract. First, the terms of the agreement were for Third-party Defendant Travelers to retain possession of the heater, make it available for inspection, and maintain it in post-fire condition. Second, the consideration was Third-party Plaintiffs Rochester and Flower City allowing Third-party Defendant Travelers to retain possession of the heater at its own facility in exchange for access to the preserved heater. Third, Third-party Plaintiffs Rochester and Flower City performed their part of the agreement by allowing Third-party Defendant Travelers to take the heater. Fourth, Third-party Defendant

---

[6] The Court notes that there are countervailing policies. Causation – the utility of the destroyed evidence and its hypothetical impact on the litigation – is "a difficult and speculative determination . . . ." *Ortega*, 11 Misc. 3d at 856. To this end, some courts, in negligent spoliation actions, place a burden on the plaintiff to show either an inability to proceed without the evidence or a significant possibility of success if the evidence were available. *See id.* (citations omitted). Damages also run the risk of being "wildly speculative," *see id.* at 857, but the spoliator should not be given safe harbor because it caused the uncertainty, *see Randall-Smith, Inc. v. 43rd St. Estates Corp.*, 17 N.Y.2d 99, 105-06 (1966) (quotation omitted).

The Court recognizes these problems but concludes that the policies supporting a contract-based spoliation cause of action outweigh these concerns, which can be substantially mitigated in the adversarial process.

Travelers breached the agreement by discarding the heater without notice. Fifth, Third-party Plaintiffs Rochester and Flower City have alleged they sustained damage in the form of an impaired ability to defend themselves from Plaintiff Federal Insurance Company's claims.

Finally, the breach-of-contract claim is not otherwise barred. The alleged contract falls outside the New York Statute of Frauds; therefore, Third-party Plaintiffs Rochester and Flower City can rely on an oral agreement.[7] Moreover, uncertainty as to the amount of damages alone should not be used as a basis to bar the action. *See Randall-Smith*, 17 N.Y.2d at 106 ("A person violating his contract should not be permitted entirely to escape liability because the amount of damages which he has caused is uncertain." (quotation omitted)).

Accordingly, the Court **DENIES** Third-party Defendant Travelers' motions to dismiss Third-party Plaintiffs Rochester's and Flower City's breach-of-contract claims because they have stated causes of action upon which this Court can grant relief.

## IV. CONCLUSION

Accordingly, after reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Third-party Defendants' motions to dismiss are **DENIED**.

---

[7] The alleged contract to preserve a heater for later inspection is not a type of contract that the Statute of Frauds enumerates as requiring a writing. Enumerated contracts include (1) those that are not to be performed within one year according to contract terms; (2) debt guarantees; (3) promises to pay debts discharged by bankruptcy; (4) assignments of insurance policies; (5) loan and real estate commissions; (6) conveyances of real property and leases exceeding one year; and (7) agreements to assume mortgages. *See* N.Y. Gen. Oblig. Law §§ 5-701 to 5-705.

**IT IS SO ORDERED.**

Dated:  December 15, 2006
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge